IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA GLASSOCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-03095-SRB |
| | ) | |
| SIG SAUER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Sig Sauer, Inc.'s ("Sig Sauer") Motion to Dismiss. (Doc. #24.) For the reasons discussed below, the motion is DENIED.

### I. BACKGROUND

This case is a putative class action arising out of an alleged defect in the Model P320 pistol ("P320") manufactured by Sig Sauer. Plaintiff Joshua Glassock ("Plaintiff") purchased a P320 and alleges that the P320 lacks certain safety features, namely an external safety and a trigger toggle. Plaintiff alleges that the lack of safety features violate industry standards and makes the P320 "more susceptible than its counterparts to inadvertent discharges[.]" (Doc. #1, p. 5.) Plaintiff claims that Sig Sauer concealed or omitted the lack of safety features from marketing materials and operating manuals, creating a heightened risk to consumers.

Plaintiff filed the instant suit against Sig Sauer on behalf of himself and all persons who purchased a P320 in Missouri from September 1, 2017, to present. Plaintiff asserts one cause of action against Sig Sauer, a violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq*. Sig Sauer now moves to dismiss this case for failure to state a claim. Plaintiff opposes the motion. The parties' arguments are addressed below.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted." "To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (internal citation quotation marks omitted) (quoting *Iqbal*, 556 U.S. at 678). The Court must accept all facts alleged in the complaint as true when deciding a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

## III. DISCUSSION

Sig Sauer argues that Plaintiff's MMPA claim should be dismissed because (1) Plaintiff fails to state that Sig Sauer engaged in a practice that violates the MMPA, and (2) Plaintiff fails to show a reasonable consumer would be misled by Sig Sauer's marketing.

"'To establish a claim under the MMPA, a plaintiff must show that she (1) leased or purchased a product or service from defendant; (2) primarily for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by § 407.020 RSMo.'" *Schulte v. Conopco, Inc.*, 997 F.3d 823, 825–26 (8th Cir. 2021) (quoting *Toben v. Bridgestone Retail Ops., LLC*, 752 F.3d 88, 897 (8th Cir. 2014));

*see also* Mo. Rev. Stat. § 407.025.1. Those unlawful methods, acts, or practices include "any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce." Mo. Rev. Stat. § 407.020.1.

### i. Omission or Concealment

Sig Sauer argues that Plaintiff has not alleged a violation of the MMPA by omission or concealment. Plaintiff disagrees, arguing that his "allegations readily meet this element[.]" (Doc. #27, p. 10.)

MMPA regulations define concealment as "any method, act, use or practice which operates to hide or keep material facts from consumers." Mo. Code Regs. Ann. Tit. 15, § 60-9.110(1). Similarly, omission is defined as "any failure by a person to disclose material facts known to him/her, or upon reasonable inquiry would be known to him/her." *Id.* at § 60-9.110(3). A material fact is "any fact which a reasonable consumer would likely consider to be important in making a purchasing decision." *Id.* at § 60-9.010(1)(C). "Reliance and intent that others rely upon such concealment . . . or omission are not elements" of an MMPA claim. *Id.* at § 60-9.110(4).

Upon review of the complaint, the Court finds that Plaintiff adequately alleges a concealment or omission under the MMPA. Plaintiff's complaint states:

> Sig Sauer omits, conceals, and/or fails to disclose several material facts about the P320 firearm:
>
> a. It has a heightened risk of inadvertent discharges dues to the absence of external safety features, even under normal and/or foreseeable handling circumstances;
>
> b. It requires a heightened degree of care than comparable firearms due to its lack of external safety features; and
>
> c. It lacks safety features available on other comparable firearms in the marketplace.

(Doc. #1, pp. 11–12.)  The complaint also alleges that these are material facts because Plaintiff "would not have purchased the P320, or would have paid substantially less for it, had the defective nature of the P320 . . . been disclosed to him and/or publicly confirmed by Sig Sauer prior to the time of the purchase."  (Doc. #1, p. 2.)

Sig Sauer argues that Plaintiff cannot allege a concealment or omission because a consumer would know that the P320 lacked safety features just by looking at the P320.  However, at this stage of the litigation, Plaintiff adequately pleads that Sig Sauer concealed or omitted the P320's heightened risk of inadvertent discharge.  The motion to dismiss is denied on this point.

### ii. Reasonable Consumer

Sig Sauer argues that Plaintiff cannot show the alleged MMPA violation would mislead a reasonable consumer such that Plaintiff's claim should be dismissed as a matter of law.  Plaintiff argues that "whether Sig Sauer's conduct was misleading, deceptive, or unfair is a question of fact–not properly decided on Rule 12."  (Doc. #27, p. 15.)

"Whether the conduct alleged is deceptive under the MMPA is deceptive is to be analyzed under the 'reasonable consumer' standard."  *Webb v. Dr Pepper Snapple Grp., Inc.*, No. 4:17-00624-CV-RK, 2018 WL 1955422 (W.D. Mo. Apr. 25, 2018) (quoting *Murphy v. Stonewall Kitchen, LLC*, 503 S.W.3d 808, 312 (Mo. Ct. App. 2016)).  "A court may dismiss [an MMPA] claim as a matter of law where the claim fails to show a likelihood that the method, act, or practice alleged to be unlawful would mislead a reasonable consumer."  Mo. Rev. Stat. § 407.025.1(2).[1]  "'Whether a reasonable consumer would be deceived by a product label is

---

[1] The parties disagree as to whether this portion of the statute, added by the Missouri legislature in August of 2020, applies to Plaintiff's claim, as Plaintiff purchased his P320 in April of 2020.  "As a general rule, [Missouri courts] apply the version of the statute that was in effect at the time of the discriminatory act."  *Wiedner v. Ferrellgas, Inc.*, 607 S.W.2d 231, 237 (Mo. Ct. App. 2020) (citations omitted); see also *Bran v. AT&T Mobility Servs., LLC*, 564

generally a question of fact that cannot be resolved on a motion to dismiss.'" *Browning v. Anheuser-Busch, LLC*, 539 F.Supp.3d 965, 971 (W.D. Mo. 2021) (quoting *Thornton v. Pinnacle Foods Grp. LLC*, No. 16-CV-00158 JAR, 2016 WL 4073713, at *3 (E.D. Mo. Aug. 1, 2016)).

At this stage in the litigation, the Court finds that Plaintiff has adequately alleged that Sig Sauer's marketing materials would likely mislead a reasonable consumer. Plaintiff alleges that Sig Sauer's representations about the quality and testing of the P320 would mislead a reasonable consumer into believing that the risks associated with using the P320 are no different than the risks of using any other gun. Plaintiff also alleges that Sig Sauer's marketing contains a combination of misleading references to the M17 and M18 models used by the United States military. These allegations plausibly show a reasonable consumer would believe that the P320 is a comparable civilian alternative to the M17 and M18 models, containing similar safety features or precautions. The Court finds that Plaintiff has satisfied the reasonable consumer standard.

Sig Sauer's contention that these representations or omissions are negated by statements in the owner's manual or other marketing materials do not defeat Plaintiff's claim at this early stage.[2] *See Kerr v. Vatterott Educ. Centers, Inc.*, 439 S.W.3d 802, 811 (Mo. Ct. App. 2014) (quoting *State ex rel. Webster v. Areaco Inv. Co.*, 756 S.W.2d 633, 636 (Mo. Ct. App. 1988) (holding where "misrepresentations or deceptions are made, the [MMPA] has been violated[,]" regardless of if later contracts "contain no misrepresentation or even correct the prior

---

S.W.3d 787, 795 (Mo. Ct. App. 2018) (stating a statute applies retroactively if (1) "the legislature clearly expresses an intent that the amendment be given retroactive application" or (2) where the amendment "is merely procedural or remedial, rather than substantive"). Regardless of the statute's applicability, the Court finds that Plaintiff has stated a claim showing a likelihood that Sig Sauer's conduct would mislead a reasonable consumer.

[2] The parties dispute whether the Court may consider matters outside the pleadings, including product catalogs, marketing materials, the P320 owner's manual, and Sig Sauer's website. On a motion to dismiss, "the court must generally ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (citation and quotations omitted). Even if the Court could properly consider these materials, the Court finds that Plaintiff has satisfied the reasonable consumer standard.

5

misrepresentation"). The relevant inquiry under the MMPA is whether the P320's "overall appearance" is deceptive. The impact of the statements regarding the potential lack of safety features in the owner's manual, as well as other marketing materials, is a question of fact best answered at a later stage in this case.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Sig Sauer's Motion to Dismiss (Doc. #24) is DENIED.

**IT IS SO ORDERED.**

Dated: August 12, 2022

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE