IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA GLASSCOCK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 22-cv-03095-SRB |
| SIG SAUER, INC., | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Sig Sauer, Inc.'s ("Sig Sauer") Motion for Judgment on the Pleadings. (Doc. #65.) For the reasons discussed below, the motion is DENIED.

### I. BACKGROUND

This case is a putative class action arising out of an alleged defect in the Model P320 pistol ("P320") manufactured by Sig Sauer. Plaintiff Joshua Glasscock ("Plaintiff") purchased a P320 and alleges that the P320 lacks certain safety features, namely an external safety and a trigger toggle. Plaintiff alleges that the lack of safety features violate industry standards and makes the P320 "more susceptible than its counterparts to inadvertent discharges." (Doc. #1, p. 5.) Plaintiff claims that Sig Sauer concealed or omitted the lack of safety features from marketing materials and operating manuals, creating a heightened risk to consumers.

Plaintiff filed the instant suit against Sig Sauer on behalf of himself and all persons who purchased a P320 in Missouri from September 1, 2017, to present. Plaintiff asserts one cause of action against Sig Sauer, a violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq*. Sig Sauer now moves for judgment on the pleadings. Plaintiff opposes the motion. The parties' arguments are addressed below.

## II. LEGAL STANDARD

In considering a motion for judgment on the pleadings, the court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002) (quoting *United States v. Any & All Radio Station Transmission Equip.*, 207 F.3d 458, 462 (8th Cir. 2000)). The Court reviews a motion for judgment on the pleadings under the same standard that governs motions to dismiss for failure to state a claim. *See Ashley Cnty, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009); *see also Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990).

"To survive a motion to dismiss [for failure to state a claim], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ash v. Anderson Merchs., LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). The Court must accept all facts alleged in the complaint as true when deciding a motion to dismiss. *See Data Mfg., Inc. v. United Parcel Serv., Inc.*, 557 F.3d 849, 851 (8th Cir. 2009) (noting "[t]he factual allegations of a complaint are assumed true and construed in favor of the plaintiff, even if it strikes a savvy judge that actual proof of those facts is improbable").

## III. DISCUSSION

Sig Sauer argues that Plaintiff's MMPA claim should be dismissed because Plaintiff does not: (1) have Article III standing; (2) plead a cognizable injury; (3) plausibly allege causation;

2

Case 6:22-cv-03095-SRB   Document 70   Filed 11/21/23   Page 2 of 8

and (4) plead his claim with the requisite particularity required by Federal Rule of Civil Procedure 9(b).

### A. Article III Standing

Sig Sauer argues that "Plaintiff does not have a particularized injury-in-fact to confer standing." (Doc. #66, p. 11.) Plaintiff disagrees, arguing that "[w]here allegations concern products, no external damage or physical injury is necessary for a plaintiff to have standing." (Doc. #67, p. 8.)

> The Supreme Court long ago explained that to cross the threshold into federal court plaintiffs . . . must show that they have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."

*Tuter v. Freud Am., Inc.*, No. 4:22-CV-00282-RK, 2022 WL 4636225, at *2 (W.D. Mo. Sept. 30, 2022) (quoting *Spokeo, Inc. v. Robbins*, 578 U.S. 330, 338 (2016)). "In the Eighth Circuit, to demonstrate Article III standing and more specifically an injury in fact in [a product liability] lawsuit, plaintiffs must show a manifest defect in the product they purchased." *Id.* at *3. The Eighth Circuit has dealt with similar questions in *In re Polaris Marketing, Sales Practices, and Products Liability Litigation*, 9 F.4th 793 (8th Cir. 2021), and *Johannessohn v. Polaris Industries, Inc.*, 9 F.4th 981 (8th Cir. 2022). "In both cases, the Eighth Circuit concluded that plaintiffs or class members whose ATVs had not caught fire had not demonstrated a sufficient particularized and actual injury to enjoy Article III standing." *Tuter*, 2022 WL 4636225, at *3. However, in *In re Zurn Pex Plumbing Products Liability Litigation*, 644 F.3d 604 (8th Cir. 2011), "[t]he Eighth Circuit . . . reasoned . . . that the [plaintiffs whose brass fittings had not begun leaking] were different from the 'hypothetical no injury plaintiffs, because the dry plaintiffs had alleged that their brass fittings exhibited a defect.'" *Tuter*, 2022 WL 4636225, at *5 (quoting *Zurn Pex Plumbing*, 644 F.3d at 617). When the "[p]laintiff has not just pleaded that

3

the [products] are at a risk or merely have a likelihood or propensity to fail[,]" but rather that the product *will* fail, the Court has found that the "[p]laintiff has alleged a sufficient particularized and actual injury-in-fact . . . to demonstrate Article III standing." *Id.*

At this early pleading stage, the Court finds that Plaintiff has sufficiently alleged injury to confer Article III standing.  Plaintiff alleges that every P320 is defective because they "lack[] any external safety features." (Doc. #1, p. 5.)  Thus, the Court finds that this case is more like *Zurn Pex Plumbing* and *Tuter*, as Plaintiff has sufficiently alleged a manifest defect to confer Article III standing.

### B.  Cognizable Injury

Generally, Sig Sauer argues that "Plaintiff . . . has not plausibly pled the pre-2020 Amendment requirements of cognizable injury and causation, and thus, has also not plausibly pled the 2020 Amendments' stricter requirements for causation and pleading damages." (Doc. #66, p. 14.)  Specifically, Sig Sauer asserts that "Plaintiff does not allege that [the] P320 has already manifested a defect through failing to work as intended or that he personally experienced an inadvertent discharge." (Doc. #66, p. 16.)  Plaintiff argues that "this argument yields no new ground that was not already covered at the motion to dismiss stage [and] . . . [t]he other arguments Sig Sauer presses in its renewed attack on the sufficiency of the complaint gets no different result." (Doc. #67, pp. 13–14.)

> To establish a claim under the MMPA, a plaintiff must show that []he (1) leased or purchased a product or service from defendant; (2) primarily for personal, family, or household purposes; and (3) suffered an ascertainable loss of money or property; (4) as a result of an act declared unlawful by § 407.020 RSMo.

*Schulte v. Conopco, Inc.*, 997 F.3d 823, 825–26 (8th Cir. 2021) (quoting *Toben v. Bridgestone Retail Ops., LLC*, 751 F.3d 888, 897 (8th Cir. 2014)).  "[T]he Missouri Legislature amended the MMPA [('2020 Amendments')] to place more stringent requirements on plaintiffs raising

MMPA claims[.]" *Abbott v. Golden Grain Co.*, No. 4:22-CV-01240-SRC, 2023 WL 3975107, at *3 (E.D. Mo. June 13, 2023). A plaintiff must now also allege:

> [1] [t]hat the person acted as a reasonable consumer would in light of all circumstances; [2] [t]hat the method, act, or practice declared unlawful by section 407.020 would cause a reasonable person to enter into the transaction that resulted in damages; and [3] [i]ndividual damages with sufficiently definitive and objective evidence to allow the loss to be calculated with a reasonable degree of certainty.

*Id.* (quoting Mo. Rev. Stat. § 407.025.1(2)).

The Court finds that it has previously addressed the sufficiency of Plaintiff's pleadings, even considering the 2020 Amendments. The parties now agree that the 2020 Amendments apply to this case. However, in the Court's Order on Sig Sauer's motion to dismiss, "[r]egardless of the statute's applicability, the Court f[ound] that Plaintiff has stated a claim showing a likelihood that Sig Sauer's conduct would mislead a reasonable consumer." (Doc. # 30, p. 4–5, n.1.) The Court still finds that Plaintiff has stated a claim under the MMPA.

As to injury, "[u]nder Missouri law, plaintiffs must show 'they suffered pecuniary loss to prevail on their MMPA claim.'" *Faltermeier v. FCA US LLC*, No. 4:15-CV-00491-DGK, 2016 WL 4771100, at *8 (W.D. Mo. Sept. 13, 2016) (quoting *Grawitch v. Charter Commc'ns, Inc.*, 750 F.3d 956, 960 (8th Cir. 2014)). "Missouri courts apply the benefit-of-the-bargain rule to determine whether there has been an ascertainable loss." *Id.* "Under this rule, '[a p]laintiff need only allege that the actual value of the product as purchased was less than the value of the product as represented to state a claim for an ascertainable loss.'" *Id.* (quoting *Kelly v. Cape Cod Potato Chip Co.*, 81 F. Supp. 3d 754, 758–59 (W.D. Mo. 2015)). In a similar case where Sig Sauer argued that "mere purchase of a product without a manifestation of a defect cannot establish the existence of any legally compensable injury under the MMPA[, the court held that] . . . [p]laintiffs do not base their claim on a potential defect, but rather, an inherent defect in the

pistols," which was sufficient to allege injury under the MMPA. *Hartley v. Sig Sauer, Inc.*, No. 4:18-CV-00267-HFS, 2019 WL 11639620, at *7 (W.D. Mo. Mar. 25, 2019), *on reconsideration*, No. 4:18-CV-00267-HFS, 2019 WL 11639618 (W.D. Mo. Nov. 6, 2019).

The Court similarly finds that Plaintiff has sufficiently alleged an injury under the MMPA. The Court agrees with Plaintiff that at "[t]he very core of Plaintiff's complaint is that he did not receive what he bargained for because Sig Sauer concealed material facts about the P320 he purchased." (Doc. #67, p. 15.) "This is not a 'potential' defect, and Plaintiff does not allege that he merely risks having the defect manifest itself." *Faltermeier*, 2016 WL 4771100, at *8. Also, other courts have held that plaintiffs have alleged an injury under the MMPA in similar cases against Sig Sauer. *See Hartley*, 2019 WL 11639620, at *7. Therefore, the Court finds that Plaintiff has alleged an injury under the MMPA.

### C. Causation

Sig Sauer argues that "[b]ecause Plaintiff has not alleged to have viewed the purported omissions before his purchase of the P320, Plaintiff's MMPA claim . . . fails for lack of causation." (Doc. #66, p. 18.) Plaintiff argues that Sig Sauer's "argument is unsupported by governing law, which clearly holds that the MMPA does not require the sort of strict reliance that Sig Sauer asks the Court to impose under the auspices of 'causation.'" (Doc. #67, p. 15.)

"Because 'the plain language of the MMPA demands a causal connection between the ascertainable loss and the unfair or deceptive merchandising practice,' 'causation is a necessary element of [a] MMPA claim.'" *Wullschleger v. Royal Canin USA, Inc.*, No. 19-00235-CV-W-GAF, 2022 WL 1164662, at *3 (W.D. Mo. Mar. 22, 2022), *vacated on other grounds sub nom. Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918 (8th Cir. 2023) (quoting *Owen v. Gen. Motors Corp.*, 533 F.3d 913, 922 (8th Cir. 2008)). "Thus, even where [a] MMPA violation

occurs, if it does not cause an ascertainable loss of money or property—i.e. an injury—a plaintiff cannot sue for the violation." *Id.* (quoting *White v. Just Born, Inc.*, No. 2:17-cv-04025-NKL, 2018 WL 3748405, at *3 (W.D. Mo. Aug. 7, 2018)).

At this early stage, the Court finds that Plaintiff has sufficiently alleged causation. The Court previously held that "Plaintiff 'would not have purchased the P320, or would have paid substantially less for it, had the defective nature of the P320 . . . been disclosed to him . . . prior to the time of the purchase.'" (Doc. #30, p. 4) (quoting Doc. #1, p. 2). Thus, the Court still finds that Plaintiff has adequately alleged Sig Sauer's omission or concealment of the P320's lack of safety features caused Plaintiff to purchase the P320, thereby receiving a product he would not have otherwise paid for or paid substantially less for.

### D.  Particularity Pursuant to Rule 9(b)

Sig Sauer argues that "Plaintiff's MMPA claim has not been pled with the requisite particularity required under Rule 9(b), because Plaintiff fails to 'plead such facts as the time, place, and content of the defendant's false representations.'" (Doc. #66, p. 18) (quoting *Hennessey v. Gap, Inc.*, No. 4:19-CV-01867-SEP, 2022 WL 4447399, at *3 (E.D. Mo. Sept. 23, 2022), *aff'd*, No. 22-3187, 2023 WL 7511591 (8th Cir. Nov. 14, 2023). Plaintiff argues that he has alleged "what he needs to—that Sig Sauer concealed the P320's dangerous condition and lack of comparable safety features to the M17 and M18." (Doc. #67, p. 18.)

"Numerous district courts in Missouri have recognized similar concealment/omission-type MMPA claims as sufficiently 'fraud-like' to implicate Rule 9(b)'s heightened pleading requirement." *Tuter*, 2022 WL 4636225, at *8. The particularity requirements of Rule 9 are satisfied when "[i]t is clear from the Complaint precisely what information the [plaintiffs] allege [the defendant] omitted and/or concealed." *Owen v. Gen. Motors Corp.*, No. 06-4067-CV-C-

7

Case 6:22-cv-03095-SRB   Document 70   Filed 11/21/23   Page 7 of 8

occurs, if it does not cause an ascertainable loss of money or property—i.e. an injury—a plaintiff cannot sue for the violation." *Id.* (quoting *White v. Just Born, Inc.*, No. 2:17-cv-04025-NKL, 2018 WL 3748405, at *3 (W.D. Mo. Aug. 7, 2018)).

At this early stage, the Court finds that Plaintiff has sufficiently alleged causation. The Court previously held that "Plaintiff 'would not have purchased the P320, or would have paid substantially less for it, had the defective nature of the P320 . . . been disclosed to him . . . prior to the time of the purchase.'" (Doc. #30, p. 4) (quoting Doc. #1, p. 2). Thus, the Court still finds that Plaintiff has adequately alleged Sig Sauer's omission or concealment of the P320's lack of safety features caused Plaintiff to purchase the P320, thereby receiving a product he would not have otherwise paid for or paid substantially less for.

### D.  Particularity Pursuant to Rule 9(b)

Sig Sauer argues that "Plaintiff's MMPA claim has not been pled with the requisite particularity required under Rule 9(b), because Plaintiff fails to 'plead such facts as the time, place, and content of the defendant's false representations.'" (Doc. #66, p. 18) (quoting *Hennessey v. Gap, Inc.*, No. 4:19-CV-01867-SEP, 2022 WL 4447399, at *3 (E.D. Mo. Sept. 23, 2022), *aff'd*, No. 22-3187, 2023 WL 7511591 (8th Cir. Nov. 14, 2023)). Plaintiff argues that he has alleged "what he needs to—that Sig Sauer concealed the P320's dangerous condition and lack of comparable safety features to the M17 and M18." (Doc. #67, p. 18.)

"Numerous district courts in Missouri have recognized similar concealment/omission-type MMPA claims as sufficiently 'fraud-like' to implicate Rule 9(b)'s heightened pleading requirement." *Tuter*, 2022 WL 4636225, at *8. The particularity requirements of Rule 9 are satisfied when "[i]t is clear from the Complaint precisely what information the [plaintiffs] allege [the defendant] omitted and/or concealed." *Owen v. Gen. Motors Corp.*, No. 06-4067-CV-C-

NKL, 2006 WL 2808632, at *8 (W.D. Mo. Sept. 28, 2006). "Requiring the [plaintiffs] to plead with particularity which agent of [the defendant] omitted the material information and precisely where and when the omission occurred would put the [plaintiffs] in the untenable position of having to plead a negative." *Id.*; *see also Tuter*, 2022 WL 4636225, at *9.

Here, the Court finds that Plaintiff's complaint satisfies the particularity requirement of Rule 9(b). Plaintiff alleges that "[h]e purchased his Sig Sauer P320 in April 2020 in Polk County, Missouri[, paying] . . . approximately $400 for the pistol." (Doc. #1, p. 2.) Plaintiff further alleges that the Operator's Manual "never warns consumers that the P320 lacks external safety features available on other firearms," and "Plaintiff received a copy of the Operator's Manual when he purchased his P320 pistol." (Doc. #1, p. 6.) At this stage, Plaintiff is alleging that Sig Sauer concealed the lack of safety features when he bought the pistol, which is sufficient to satisfy Rule 9. *See Owen*, 2006 WL 2808632, at *8. The Court finds that requiring Plaintiff to do more would require him to plead a negative. *See id.* Thus, the Court finds that Plaintiff has sufficiently pled his case with particularity as required by Federal Rule of Civil Procedure 9(b).

## IV. CONCLUSION

Accordingly, Sig Sauer's Motion for Judgment on the Pleadings (Doc. #65) is DENIED. Sig Sauer's request for oral argument is also hereby DENIED.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
Dated: November 21, 2023               UNITED STATES DISTRICT JUDGE