IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| JOSHUA GLASSCOCK, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 22-cv-03095-SRB |
| | ) | |
| SIG SAUER, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant Sig Sauer, Inc.'s ("Sig Sauer") Motion for Summary Judgment. (Doc. #96.) For the reasons discussed below, the motion is DENIED WITHOUT PREJUDICE.

### I. BACKGROUND

Only those facts necessary to resolve the pending motion are discussed below, and those facts are simplified to the extent possible. This case is a putative class action arising out of an alleged defect in the Model P320 pistol ("P320") manufactured by Sig Sauer. Plaintiff Joshua Glasscock ("Plaintiff") purchased a P320 and alleges that the P320 lacks certain safety features, namely an external safety and a trigger toggle. Plaintiff alleges that the lack of safety features violates industry standards and makes the P320 "more susceptible than its counterparts to inadvertent discharges." (Doc. #1, p. 5.) Plaintiff claims that Sig Sauer concealed or omitted the lack of safety features from marketing materials and operating manuals, creating a heightened risk to consumers.

Plaintiff filed the instant suit against Sig Sauer on behalf of himself and all persons who purchased a P320 in Missouri from September 1, 2017, to present. Plaintiff asserts one cause of

action against Sig Sauer, a violation of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.010 *et seq*.  In accordance with the Court's latest scheduling order, class certification shall be complete on or before September 25, 2024, and Plaintiff shall designate class certification experts on or before November 5, 2024.  Sig Sauer now moves for summary judgment.  Plaintiff opposes the motion as premature.  The parties' arguments are addressed below.

## II. LEGAL STANDARD

Under Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The moving party has the burden of identifying "the basis for its motion, and must identify those portions of the record which it believes demonstrate the absence of a genuine issue of material fact." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc) (cleaned up).  If the moving party makes this showing, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." *Id.* (quotation marks omitted).  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id.*

A court may grant summary judgment before discovery is completed, but "only if the nonmovant has had adequate time for discovery." *Robinson v. Terex Corp.*, 439 F.3d 465, 467 (8th Cir. 2006).  Rule 56(d) "allows a party to request a delay in granting summary judgment if the party can make a good faith showing that postponement of the ruling would enable it to discover additional evidence which might rebut the movant's showing of the absence of a genuine issue of material fact." *Id.*  "To warrant time for additional discovery under Rule 56(d), Plaintiff[ ] must show: (1) that they have set forth in affidavit form the specific facts that they

hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Johnson v. Moody*, 903 F.3d 766, 772 (8th Cir. 2018) (citations and quotation marks omitted). The district court has "wide discretion" in deciding a request under Rule 56(d). *Id.*

### III. DISCUSSION

Sig Sauer argues that Plaintiff's MMPA claim should be dismissed because Plaintiff: (1) does not have Article III standing; and (2) there is no genuine dispute of fact that Plaintiff has not suffered an injury caused by Sig Sauer's product. In response, Plaintiff requests the Court defer ruling on the pending motion for summary judgment until after the close of discovery pursuant to Rule 56(d). Specifically, Plaintiff argues that "documents concerning Sig Sauer's contract with the U.S. Army regarding the XM17 and XM18, the military versions of the P320[,]" depositions of Sig Sauer's witnesses, and Plaintiff's expert testimony and opinions are still needed, and not yet due under the current scheduling order. (Doc. #101, p. 3.) In support of his request for relief, Plaintiff submitted a declaration from his counsel, which states in part that:

> On May 28, 2024, this Court ordered Sig Sauer to produce documents concerning Sig Sauer's contract with the U.S. Army regarding the XM17 and XM18, the military versions of the P320. Sig Sauer has not completed a full production of those documents. . . . On July 1, 2024, Plaintiff's counsel learned that Sig Sauer would be offering up at least 5–7 witnesses just for deposition under Rule 30(b)(6). Sig Sauer has not provided dates for any of those 5–7 witnesses to be deposed. No other representatives or employees of Sig Sauer have been deposed. The already provided 30(b)(6) deposition topics bear directly on issues ripe for factual discovery, such as: safety warnings concerning the P320; Sig Sauer's knowledge of inadvertent discharges concerning the P320; the design, development, and testing of the P320, including any alternative designs; the material and mechanical specifications of the P320; the design, development, and testing of the M17 and M18 (the military versions of the P320 firearms); and the Department of Defense's analysis and investigation of the M17 and M18. Plaintiff will rely on his experts to support his claims, but Plaintiff's disclosure of those reports is not due until later in the case. Plaintiff's experts are expected to testify and provide opinions on technical aspects of the P320 beyond simply the lack of

external safeties, specifically including the trigger and internal mechanisms of the P320.

(Doc. #101-1, ¶¶ 3–4, 11–16.) In its reply, Sig Sauer argues Plaintiff does "not detail the specific facts that Plaintiff hopes to elicit in further discovery" and that the additional discovery is not relevant to invoke Rule 56(d). (Doc. #105, p. 15).

Upon review of the record and the parties' arguments, the Court finds Sig Sauer's motion for summary judgment premature. Where "fact and expert discovery is ongoing[,] Plaintiff has adequately shown that [he] . . . needs to obtain additional documents from [Sig Sauer], and needs to depose various individuals in order to fully respond to the motion." *Provisur Techs., Inc. v. Weber, Inc.*, No. 19-C06021-SRB, 2021 WL 5702431, at *3 (W.D. Mo. Dec. 1, 2021). Further, documents related to Sig Sauer's contract with the U.S. Army, Sig Sauer's witnesses' depositions, and the testimony of Plaintiffs' experts appear necessary for Plaintiff to fully respond to the motion regarding standing and causation. "By deferring a ruling on the pending motion, both parties will have an opportunity to gather all relevant facts in support of, and in opposition to, a motion for summary judgment." *Id.* After discovery, Sig Sauer may feel free to reassert its argument, with the Court having a more complete record to determine whether its arguments have merit.

## IV. CONCLUSION

Accordingly, Sig Sauer's Motion for Summary Judgment (Doc. #96) is DENIED WITHOUT PREJUDICE. Sig Sauer's request for oral argument is also hereby DENIED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

Dated: August 13, 2024

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE