# EXHIBIT 21

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSHUA GLASSCOCK, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 6:22-CV-3095 |
| SIG SAUER, INC., | ) ) ) | |
| Defendant. | ) | |

PLAINTIFF'S OBJECTIONS AND ANSWERS
TO DEFENDANT'S INTERROGATORIES

Plaintiff, pursuant to Rule 33, by and through undersigned counsel, hereby submits his objections and answers to Defendant's First Set of Interrogatories.

1.  Describe all attempts You made to resell Your Pistol at any point in time. For each such attempt, please provide: (1) the date on which You attempted to resell Your Pistol; (2) the person or entity to whom You attempted to resell Your Pistol; (3) the price offered for the purchase of Your Pistol; and (4) the reason(s) why You did not resell Your Pistol.

**Answer:** Plaintiff did not make any attempts to resell his Sig Sauer P320 pistol. Once he learned of the risks associated with the pistol, he decided he would not resell a pistol that was dangerous to someone else.

2. Describe all research, review or other efforts You made, or someone made on Your behalf, to determine the resale value of Your Pistol and/or the Class Pistols.

**Answer:** Plaintiff objects that the term "resale value" is impermissibly vague. Plaintiff further objects on the basis of attorney-client privilege and work product doctrine. Subject to those objections and without waiving the same, Plaintiff states that he has not researched, reviewed, or made any efforts to determine the resale value of his Sig Sauer P320 or those of the class.

3. Identify all sources of information that You have read, reviewed, discussed or are otherwise aware of which provide resale values for P320 model pistols generally, including Your Pistol and the Class Pistols.

**Answer:** Plaintiff objects that the term "resale value" is impermissibly vague and that this interrogatory calls for speculation. Plaintiff further objects on the basis of attorney-client privilege and work product doctrine. Subject to those objections and without waiving the same, Plaintiff states none.

4. Describe all conversations or communications You had with any person or entity regarding the potential purchase of Your Pistol at any time after You originally purchased it.

**Answer:** Plaintiff objects on the basis of attorney-client privilege and work product doctrine. Subject to those objections and without waiving the same, Plaintiff states that he has had no conversations or communications with anyone regarding the potential purchase of his Sig Sauer P320 after he originally purchased it.

5. Describe the purchase of Your Pistol, including when it was purchased, from where, whether it was new or used, and how much You paid for Your Pistol.

**Answer:** Plaintiff purchased his Sig Sauer from a friend that he worked with in or around late-March or April 2020. The pistol was used. Plaintiff paid approximately $400.00 for it. Prior to completing the purchase, Plaintiff did research on the Sig Sauer P320 on Google and online, including but not limited to the website for Palmetto State Armory. Plaintiff further states that he talked to acquaintances who were former military personnel who said Sig Sauers were good pistols and that the military switched to them. Plaintiff also remembers reading an article on the military's use of Sig Sauer pistols and thought, "If they are good enough for the military, they are good enough for me." The pistol Plaintiff purchased came with a case, gun lock, and instruction manual, all originally from Sig Sauer. The pistol also came with an ad for ammunition, a pamphlet on membership in the NRA, and notice for the Youth Handgun Safety Act. The seller told Plaintiff that the seller's wife wanted to him to sell the Sig Sauer P320 because it did not have an external safety.

6. Describe Your use of Your Pistol, including how often You fired it, how many rounds You have fired through it in total, and any problems or issues You have had with Your Pistol since You purchased it.

**Answer:** Plaintiff states that he has fired his Sig Sauer P320 between two and four times since purchasing it. He shot it within two months of purchasing it, then periodically throughout the year. The pistol has had at most 200 rounds through it. Plaintiff has not yet had any issues with the pistol. However, he has not shot the pistol after learning of the risks associated with it.

7. Identify by make, model, and model year all pistols You have ever purchased, including the dates You owned each pistol; whether You still own each pistol; the purpose(s) for which You purchased each pistol; and whether You continue to use each pistol You still own and for what purpose(s).

**Answer:** Plaintiff states that he purchased a Taurus TCP .380 caliber pistol either in or around May 2010 or May 2013. He still owns this and uses it as his concealed carry weapon. Plaintiff also purchased a Glock 23 Generation 4 in or around March 2014. He purchased this with his money, but it was ordered by the sheriff's department where he worked at the time and was weapons-qualified (though this pistol was not "issued" to Plaintiff). Plaintiff sold the Glock 23 to his neighbor in or around March 2020.

8. Identify by make, model, and model year all pistols that have ever been issued to You by an employer, including the identity of each employer that issued You each pistol; when You were issued each pistol; whether You still possess each pistol; the purpose(s) for which You were issued each pistol; and whether You continue to use each pistol.

**Answer:** Plaintiff states that no employer has ever issued him a pistol.

9. Describe all materials related to the P320 pistol that You read or reviewed before purchasing Your Pistol.

**Answer:** Plaintiff states see answer to Interrogatory No. 5.

10. Describe all materials related to the P320 pistol that You read or reviewed after purchasing Your Pistol.

**Answer:** Plaintiff objects on the basis of attorney-client privilege and work product doctrine. Subject to those objections and without waiving the same, see Plaintiff's answer to Interrogatory No. 5.

11. Have You ever previously sold any used firearm, including a pistol, a rifle, a shotgun or any other firearm? If so, for each such sale, please provide the following: (a) model of firearm; (b) date when the firearm was originally purchased by You; (c) whether the firearm was new or used when You purchased it; (d) the price You paid for the firearm when You purchased it; (e) the price You sold it for; (f) the person or entity to whom You sold the firearm; and (g) the date when You sold the firearm.

> **Answer:** Plaintiff sold the Glock 23 Generation 4 identified in Plaintiff's answer to Interrogatory No. 7. This firearm was originally purchased in or around March 2014 for an amount between $500.00 and $600.00. It was new when it was purchased. Plaintiff sold the firearm to a neighbor in or around March 2020 for approximately $350.00. The sale also included a case, three magazines, and all the paperwork Plaintiff had for the pistol.

12. For each firearm You sold as described in Your response to Interrogatory No. 11, describe how You established the sales price for Your firearm, including any reference materials You used to establish the price.

> **Answer:** Plaintiff objects that the term "sales price" is impermissibly vague. Subject to that objection and without waiving the same, Plaintiff states he searched the price on Google and online, including but not limited to the website for Palmetto State Armory.

13. Describe all service, repairs, or modifications performed on Your Pistol at any time, including: the name, address, and telephone number of the service provider; the type of service, repairs, or modifications performed; the date the service, repairs, or modifications were performed; and the cost of the service, repairs, or modifications.

**Answer:** Plaintiff states that he has had no service, repairs, or modifications performed on his Sig Sauer P320 pistol.

14. Identify all persons other than Your attorneys with whom You have discussed the alleged defect with the P320 pistol described in Your Complaint.

**Answer:** Plaintiff states he discussed the this lawsuit and the allegations thereof with his parents and his wife. He further states he talked to his lieutenant and captain at his current employer to state his involvement with this lawsuit.

15. Identify all persons other than Your attorneys with whom You have discussed the misrepresentations that You allege SIG made with regard to the P320 model pistol.

**Answer:** See Plaintiff's answer to Interrogatory No. 14.

16. Describe any and all communications that You or any Putative Class member have had with any firearms dealer or seller (excluding SIG Sauer) regarding the alleged defect, including: the name and title of the person with whom You or the Putative Class member communicated; the name and address of the dealership; the date of communications; and the response of the authorized dealer(s).

**Answer:** Plaintiff objects on the basis of attorney-client privilege and work product doctrine. Subject to those objections and without waiving the same, Plaintiff states there have been no communications responsive to this interrogatory.

17. Identify when and how You first learned of the alleged defect alleged in Your Complaint, including the content of the information received, who provided the information, and the date You learned of the alleged defect.

**Answer:** Plaintiff objects on the basis of attorney-client privilege and work product doctrine.

18. Have you ever participated in an Armorer's Course for the P320 model pistol? If so, please provide the date and location for the course and produce all materials received and notes taken in connection with the course.

**Answer:** Plaintiff states that he has never participated in an Armorer's Course for the P320 model pistol.

DATED: January 23, 2023						Respectfully submitted,

WILLIAMS DIRKS DAMERON LLC
Matthew L. Dameron		MO Bar No. 52093
1100 Main Street, Suite 2600
Kansas City, Missouri 64105
T:	(816) 945-7110
F:	(816) 945-7118
E:	matt@williamsdirks.com

						-and-

LEAR WERTS LLP

/s/ Todd C. Werts
Todd C. Werts			MO Bar No. 53288

/s/ Anthony J. Meyer
Anthony J. Meyer		MO Bar No. 71238
103 Ripley Street
Columbia, Missouri 65201
T:	(573) 875-1991
F:	(573) 279-0024
E:	werts@learwerts.com

Counsel for Plaintiff and the Proposed Class

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing was served by email on entered counsel for the defendant on this 23rd day of January, 2023.

/s/ Anthony J. Meyer

## VERIFICATION

I, Joshua Glasscock, declare under penalty of perjury that I have read the foregoing document, and the answers made herein are true, correct, and complete to the best of my knowledge and belief.

*[signature]*

Joshua Glasscock