# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| JOSHUA GLASSCOCK, individually and on behalf of all others similarly situated, | : | |
| | : | |
| | : | |
| | : | |
| Plaintiff, | : | Case No.: 6:22-cv-3095-MDH |
| | : | |
| v. | : | |
| | : | |
| SIG SAUER, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

## DEFENDANT SIG SAUER, INC.'S SUGGESTIONS IN OPPOSITION TO THIRD-PARTY INTERVENOR TRACE MEDIA, INC.'S MOTION TO INTERVENE FOR THE LIMITED PURPOSE OF MOVING TO UNSEAL EXHIBITS

# TABLE OF CONTENTS

Page

INTRODUCTION .................................................................................................... 1

BACKGROUND ..................................................................................................... 2

    I.   Sig Sauer's MHS Contract with the U.S. Army and the FMECA. ................... 2

    II.   The FMECA Is Produced in This Action and Designated as Highly Confidential. ........... 3

    III.   Trace's Motion to Intervene and Sig Sauer's Diligent Efforts to Narrow the Issues. ........ 4

    IV.   A Party in Another Action Violated a Court Order Protecting the FMECA Spreadsheet.. 7

LEGAL STANDARD ............................................................................................... 8

ARGUMENT ........................................................................................................... 9

    I.   TRACE'S ATTEMPT TO UNSEAL REFERENCES TO THE FMECA SHOULD BE DENIED .................................................................................................... 9

        A.   Trace Has Not Proven It Has Standing to Intervene. ................................ 9

        B.   The Army Should Be Afforded the Opportunity to Opine on the Propriety of the Public Release of the FMECA Documents and Documents Referencing Them. .... 11

    II.   The Personally Identifiable Information of Non-Party Individuals Should Remain Confidential ................................................................................................... 15

CONCLUSION ........................................................................................................ 16

**<u>TABLE OF AUTHORITIES</u>**

**Page(s)**

<u>Cases</u>

*Am. Safety Cas. Ins. Co. v. City of Waukegan, Ill.*,
    678 F.3d 475 (7th Cir. 2012) ................................................14

*Biovant, LLC v. Wassenaar*,
    2024 WL 894959 (E.D. Mo. Mar. 1, 2024) .........................8, 15

*Childs v. San Diego Family Housing, LLC*,
    2020 WL 2512188 (S.D. Cal. May 14, 2020)....................12–13

*Dobson v. Comm'r of Soc. Sec.*,
    2014 WL 1909363 (S.D.N.Y. May 12, 2014) .....................2, 14

*DoseLogix, LLC v. Reflex Med. Corp.*,
    2023 WL 8005749 (D. Minn. Nov. 17, 2023) ..........................9

*Faulk v. Gen. Elec. Co.*,
    2024 WL 3009315 (C.D. Cal. May 14, 2024) .........................11

*Harris v. Kellog, Brown & Root Servs., Inc.*,
    618 F. Supp. 2d 400 (W.D. Pa. 2009)....................................11

*IDT Corp. v. eBay*,
    709 F.3d 1220 (8th Cir. 2013) .........................................9, 11

*Lujan v. Defenders of Wildlife*,
    504 U.S. 555 (1992)................................................................9

*McGehee v. Neb. Dep't of Corr. Servs.*,
    987 F.3d 785 (8th Cir. 2021) ...................................................1

*Nat'l Parks Conservation Ass'n v. E.P.A.*,
    759 F.3d 969 (8th Cir. 2014) ..................................................9

*Peet v. Smith*,
    2020 WL 290409 (D. Minn. Jan. 21, 2020)...........................15

*Perkins v. United States*,
    2024 WL 707682 (W.D. Wash. Feb. 21, 2024).................3, 12–14

*Reps. Comm. for Freedom of Press v. United States*,
    94 F.4th 746 (8th Cir. 2024) ............................................8–11

ii

*Schmidt v. DePuy Synthes Sales, Inc.*,
  2024 WL 3565802 (D. Minn. July 29, 2024) ...............................................15–16

*Seidl v. Am. Century Cos.*,
  799 F.3d 983 (8th Cir. 2015) .......................................................................8, 9, 11

*Sig Sauer, Inc. v. Jeffrey S. Bagnell, Esq., LLC*,
  No. 22-CV-00885 (D. Conn.) .......................................................................7, 12

*Simon v. United States*,
  2017 WL 10541426 (D. Colo. Sept. 13, 2017)...........................................2, 14

*Taylor v. Kellog Brown & Root Servs., Inc.*,
  2009 WL 10689733 (E.D. Va. Dec. 18, 2009) .......................................11, 12, 13

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021)...........................................................................................10

*United States v. Metro. St. Louis Sewer Dist.*,
  569 F.3d 829 (8th Cir. 2009) ..............................................................................8

## Statutes

10 U.S.C. § 133a...................................................................................................13

## Other Authorities

Congressional Research Service, *The Army's Modular Handgun Procurement*
  (June 19, 2018),
  https://www.congress.gov/crs_external_products/IF/PDF/IF10911/IF10911.2.
  pdf ........................................................................................................................2

Fed. R. Civ. P. 24....................................................................................................9

**<u>INTRODUCTION</u>**

Sig Sauer, Inc. ("Sig Sauer") respectfully asks this Court to deny Trace Media, Inc.'s ("Trace's") Motion to Intervene because most of the relief requested is moot, Trace Media does not have standing, and the Army should be given an opportunity and time to participate to protect documents that are sealed or redacted because they relate to Sig Sauer's contract to design and manufacture handguns for protecting our men and women in uniform.

*First*, Sig Sauer has publicly filed the vast majority of documents described in the Motion to Intervene. This moots all but one issue raised in Trace's motion. *See McGehee v. Neb. Dep't of Corr. Servs.*, 987 F.3d 785, 788 (8th Cir. 2021). The balance of Trace's motion—four sentences of argument on pages 14 to 15—relates to the Failure Modes, Effects, and Criticality Analysis ("FMECA") performed by Sig Sauer at the request of the United States Army ("Army"). The FMECA consists of a memorandum (ECF No. 128-14 ("FMECA Memorandum")) and an attached spreadsheet (ECF No. 128-13 ("FMECA Spreadsheet")) (collectively the "FMECA" or "FMECA Documents").

*Second*, the Court should deny Trace's motion because it does not have Article III standing. The Eighth Circuit's binding precedent demonstrates that, in order to show standing, the media must have a concrete and imminent need for specific information. But Trace made no effort to prove that it has an imminent need for the FMECA Documents and materials relating to them to write an article. Here, Trace only asserts that the public is interested in this litigation and the FMECA Documents. That falls woefully short of showing that Trace itself personally suffered a concrete injury, which is Trace's burden.

*Third*, and relatedly, as explained in the Declaration of Eric Finkelman dated August 21, 2025 ("Finkelman Decl."), Sig Sauer has always understood that the two FMECA Documents were designated for protection from disclosure to the public as they were contractual requirements

of Sig Sauer's contract with the Army, and therefore the Army should be given an opportunity and time to opine as to the propriety of these documents being made public. *Cf. Dobson v. Comm'r of Soc. Sec.*, 2014 WL 1909363, at *8 (S.D.N.Y. May 12, 2014) ("It is sensible that such [government agency] actions are subject to extensive, multi-tiered review."); *Simon v. United States*, 2017 WL 10541426, at *1 (D. Colo. Sept. 13, 2017) (noting that the "multi-layered review process" of government agencies "likely will take a significant amount of time to complete."). The general interest in court filings being public should consider whether there is a national security interest that is implicated and needs to be protected.

*Finally*, Trace has agreed with Sig Sauer that individual consumer names should remain confidential. It is well established that consumers do not volunteer to be dragged into litigation merely by making a purchase or a complaint to a company. Thus, the parties' agreement on this issue accords with Eighth Circuit law and resolves this portion of Trace's motion.

## BACKGROUND

### I. Sig Sauer's MHS Contract with the U.S. Army and the FMECA.

Sig Sauer was awarded the Army's modular handgun system contract ("MHS Contract") in January 2017 whereby Sig Sauer would design and manufacture a version of a P320 for the Army.[1] The Army required Sig Sauer to prepare the FMECA as a contractually required deliverable under the MHS Contract, which was provided to the Army. Finkelman Decl. ¶ 2.

"The FMECA identifies potential failures in all pistol platforms, analyzes the risks of those failures, and details the design decisions taken by Sig Sauer's engineering team [for MHS pistols] to mitigate or eliminate those risks." *Id*. ¶ 3. The engineering decisions made therein were specific to the requirements of the MHS Contract Pistols established by the Army. *Id*. ¶ 4.

---

[1] *See* Congressional Research Service, *The Army's Modular Handgun Procurement* (June 19, 2018), https://www.congress.gov/crs_external_products/IF/PDF/IF10911/IF10911.2.pdf.

The Department of Defense ("DoD") utilizes the DoD Instruction 5230.24 distribution statement on technical information to establish a standard framework for "safeguarding" "technical information" in accordance with "national and operational security, privacy, records management, intellectual property, Federal procurement, and export-control policies, regulations, and laws." Finkelman Decl. Ex. A at 1. For the purposes of DoDI 5230.24, "technical information" broadly includes:

> "[T]echnical data … of any kind that can be used or adapted for use in the design, production, manufacture, assembly, repair, … engineering, development, operation, maintenance, adapting, testing, or reconstruction of goods or materiel … in an area of significant military applicability in the United States." Further, "the data may be in tangible form, such as a blueprint, photograph, plan, instruction, or an operating manual." According to DODI 5230.24, examples of technical data include "engineering drawings, and associated lists; specifications; standards; process sheets; manuals; technical reports; technical orders; catalog-item identifications … and related information."

*See Perkins v. United States*, 2024 WL 707682, at *2 n.1 (W.D. Wash. Feb. 21, 2024) (citation omitted).

## II.     The FMECA Is Produced in This Action and Designated as Highly Confidential.

The FMECA was produced subject to the Protective Order entered by this Court after Plaintiff served a subpoena to the Army in February 2024. ECF No. 76. On March 20, 2024, Sig Sauer filed a motion to quash the subpoena, or alternatively, for entry of a protective order. ECF No. 79. On May 28, 2024, this Court, in a text order, found the FMECA "relevant to the claims and defense and proportional to the needs of the case," and ordered the production. ECF No. 95. On September 10, 2024, Sig Sauer produced the two FMECA Documents, marking them "HIGHLY CONFIDENTIAL" per the Stipulated Protective Order dated October 11, 2022. ECF No. 38.[2]

---

[2]  Trace incorrectly asserts in its Motion to Intervene that "all the documents which Sig Sauer filed under seal were designated 'Confidential;' none were designated 'Highly Confidential.'" ECF No.

Plaintiff used the FMECA Documents as exhibits to his class certification motion ("Cert Motion"), *see* ECF Nos. 128-13, 128-14; his Cert Motion also quotes and excerpts the FMECA Documents. *See* ECF No. 121 ¶¶41–46. In its opposition to the Cert Motion ("Opposition"), Sig Sauer submitted the Declaration of Ed Murphy dated February 10, 2025, which discusses the FMECA Documents and quotes portions thereof. ECF No. 188-9. The Opposition (Dkt. 188-1) and two of Sig Sauer's expert reports also discuss the FMECA Documents. *See* ECF Nos. 188-5; 188-7. As a result, the FMECA Documents and references thereto from the parties' class certification briefing were sealed before the District Court. *See* Orders Granting Mots. Seal, ECF Nos. 127, 157, 168.

## III. Trace's Motion to Intervene and Sig Sauer's Diligent Efforts to Narrow the Issues.

Before filing its motion, Trace's counsel apparently left *one* voicemail for only one of the seven attorneys listed on the docket as representing Sig Sauer in this matter. That voicemail inadvertently did not reach its intended recipient. Declaration of Colleen M. Gulliver, dated August 21, 2025 ("Gulliver Decl.") ¶¶ 2–4. Then, without following up or contacting another attorney, on July 17, 2025, Trace filed its Motion to Intervene for purposes of unsealing the record on class certification. ECF No. 181. That next day, counsel for Sig Sauer conferred with Trace's counsel and set a procedure for reviewing its Opposition and supporting materials to see what material it could de-designate to resolve or at least narrow the issues set forth in the Motion to Intervene. *See* ECF No. 183. The parties agreed that Sig Sauer's deadline for opposing the motion should be extended to allow the parties time to meet and confer. *See id.*

---

181 n.7. To the contrary, Sig Sauer designated both FMECA Documents as "Highly Confidential." The FMECA Memorandum is marked "Highly Confidential" in the bottom-left corner of the document (ECF No. 121-14). The FMECA Spreadsheet is marked "Highly Confidential" in the file name rather than on the document itself, as it is a native Excel file.

On July 25, 2025, Sig Sauer sent to Trace copies of its briefing and materials for review and broadly explained that Sig Sauer had agreed to remove confidentiality designations for all materials, except documents discussing the FMECA and personally identifiable information regarding individuals who had reported to Sig Sauer that they had experienced an inadvertent discharge. *See* Gulliver Decl. ¶ 5.

After Trace pressed Sig Sauer for the basis of confidentiality over the FMECA Documents, on August 4, 2025, counsel for Sig Sauer informed counsel for Trace that it had reached back out to the Army. Finkelman Decl. ¶¶ 5–7. Believing the FMECA was protected by Statement D, Sig Sauer sought to confirm the Army's position on the FMECA Documents. *Id.* Sig Sauer was informed by the Army that it should "object" to the public release as the documents potentially reveal critical information about the design, reliability, and performance of the Modular Handgun System. *Id.*

On August 8, 2025, counsel for Sig Sauer and Trace met and conferred a third time, and Trace confirmed that it did not oppose Sig Sauer's sealing of the non-public names of individuals involved in inadvertent discharge incidents. *See* Gulliver Decl. ¶ 8. Therefore, the parties had, through the meet and confer process afforded by the extension, significantly narrowed the dispute, with only one substantive issue remaining, whether the FMECA Documents and materials referencing them should remain under seal. *See* ECF Nos. 186–188. Sig Sauer further endeavored to work through Plaintiff's briefing on its moving motion and reply and proposed appropriate redactions for them as well. Gulliver Decl. ¶ 9. Sig Sauer also filed a Notice of Filing with unredacted and partially-redacted versions of its Opposition and exhibits. *See* ECF No. 188. Sig Sauer then provided unredacted and partially-redacted proposed versions of Plaintiff's class certification materials to Plaintiff on August 12, 2025. *See* Gulliver Decl. ¶ 10. Also on August

12, counsel for Sig Sauer informed counsel for Trace that it had provided Plaintiff with these proposed redactions. *See id.* ¶ 11.

Thus, Sig Sauer has made public nearly all of Sig Sauer's Opposition and its exhibits.[3] In its Motion to Intervene in the Eighth Circuit, Trace acknowledged that Sig Sauer had unsealed the vast majority of its class certification documents in this Court. *See* Trace's Eighth Circuit Mot. 4. The two FMECA Documents remain under seal, and five additional documents incorporating the FMECA or personally identifiable information remain partially redacted:

- Plaintiff's Exhibit 13, FMECA Spreadsheet (ECF No. 121-13) (filed under seal);
- Plaintiff's Exhibit 14, FMECA Memorandum (ECF No. 121-14) (filed under seal);
- Sig Sauer's Opposition to Plaintiff's Motion for Class Certification (ECF No. 188-1) (partially redacted);
- Sig Sauer's Exhibit 7, Expert Report of Derek Watkins (ECF No. 188-5) (partially redacted);
- Sig Sauer's Exhibit 13, Expert Report of Robert Rauschenberger (ECF No. 188-7) (partially redacted);
- Sig Sauer's Exhibit 16, Declaration of Ed Murphy (ECF No. 188-9) (partially redacted);
- Sig Sauer's Exhibit 17, Declaration of Christopher Meyer (ECF No. 188-10) (partially redacted).

Plaintiff has not yet filed new versions of his class certification briefing to unseal the portions that Sig Sauer has de-designated as confidential. Specifically, Plaintiff filed fifteen of his thirty-one exhibits under seal. (ECF Nos. 121-1, 121-4–6, 121-9, 121-11–14, 121-16–17, 121-22, 121-25–27.) Of those fifteen exhibits currently under seal, only two—the FMECA Documents (ECF Nos. 121-13, 121-14)—need to remain sealed. The other thirteen exhibits, Plaintiff's

---

[3] Despite the fact that briefing is ongoing in this Court for its Motion to Intervene, Trace recently filed a similar motion to intervene in the Eighth Circuit on the case docket for Sig Sauer's Rule 23(f) Petition, where Trace seeks the same relief it seeks here—to unseal the FMECA Documents. *See Glasscock v. Sig Sauer*, No. 25-8006 (8th Cir.), Trace's Mot. Intervene 5–6, Aug. 14, 2025 ("Trace's Eighth Circuit Mot.").

Suggestions in Support of his Motion for Class Certification (ECF No. 121), and his Reply (ECF No. 128) should either be filed publicly or filed in redacted form.

## IV.     A Party in Another Action Violated a Court Order Protecting the FMECA Spreadsheet.

In another pending action, *Sig Sauer, Inc. v. Jeffrey S. Bagnell, Esq., LLC* ("*Bagnell*"), No. 22-CV-00885 (D. Conn.), the defendant sought to file the FMECA Spreadsheet under seal because Sig Sauer had designated it "Highly Confidential" in other matters. *See Bagnell*, ECF No. 202. On May 15, 2025, the Court granted the motion to seal finding that "good cause exists to seal this document and that sealing is supported by clear and compelling reasons and is narrowly tailored to serve those reasons." *Id.* ECF No. 204. However, defendant's counsel did not properly protect the document such that it became viewable by the public for a short period of time, prompting Sig Sauer on July 28, 2025 to file an emergency motion to correct the violation and seek sanctions. *Id.* ECF Nos. 213–214. The Court acted immediately to remove the improperly filed document from public view while the emergency motion remains pending.[4]

In the short period of time the FMECA Spreadsheet was insecurely redacted on the *Bagnell* docket, a blogger captured the FMECA Spreadsheet and removed the redactions, which it then improperly posted publicly and in violation of the *Bagnell* Court's Order on July 29, 2025. *See* Trace's Eighth Circuit Mot. 5. Upon information and belief, Trace obtained the FMECA Spreadsheet via this anonymous blogger despite knowing it had been designated as Highly

---

[4] The *Bagnell* defendant conceded "[t]hat document was filed with redactions applied using an Adobe® method counsel believed to be secure," and "[t]he ability to view the underlying content resulted from a third party's ability to defeat the redactions, a technique not known to defendants." *Bagnell*, ECF No. 215 at 1.

Confidential and sealed on multiple court dockets, and then went on to excerpt the sealed document in its motion to intervene in the Eighth Circuit.  Trace's Eighth Circuit Mot. 5–6.[5]

## LEGAL STANDARD

A party seeking to unseal court filings has "an obligation to establish why it ha[s] standing to sue from the 'outset.'"  *Reps. Comm. for Freedom of Press v. United States*, 94 F.4th 746, 751 (8th Cir. 2024) (quoting *Uzuegbunam v. Preczewski*, 592 U.S. 279, 282 (2021)).  "To demonstrate standing, a plaintiff must clearly allege facts showing an injury in fact, which is an injury to a legally protected interest that is 'concrete, particularized, and either actual or imminent.'" *United States v. Metro. St. Louis Sewer Dist.*, 569 F.3d 829, 833–34 (8th Cir. 2009) (citation omitted).  "The purpose of the imminence requirement is 'to ensure that the alleged injury is not too speculative and that the injury is certainly impending.'"  *Id.* (citation modified) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 564 n.2 (1992)).

The "common-law right of access to judicial records … is not absolute."  *Seidl v. Am. Century Cos.*, 799 F.3d 983, 994 (8th Cir. 2015).  "The presumption of public access to judicial records may be overcome if the party seeking to keep the records under seal provides compelling reasons for doing so."  *Biovant, LLC v. Wassenaar*, 2024 WL 894959, *1 (E.D. Mo. Mar. 1, 2024).  In determining whether to provide public access to judicial records, "[a] court must weigh 'the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by

---

[5] Sig Sauer expects that Trace in reply will point the Court to an interview given by Sig Sauer's Vice President of Consumer Affairs, Phil Strader, for a podcast "Behind the Lens" as it did in its Eighth Circuit Motion to Intervene where Mr. Strader was pressed about the FMECA Spreadsheet's improper brief public release.  Trace's Eighth Circuit Mot. 7–8.  However, it is the Army, not Sig Sauer, that determines the confidentiality classification of the FMECA Documents. In any event, only the FMECA Spreadsheet was briefly accessible, not the FMECA Memorandum or any of the other documents that have been sealed and discuss the FMECA Documents.

maintaining confidentiality of the information sought to be sealed.'" *Seidl*, 799 F.3d at 994

(quoting *IDT Corp. v. eBay*, 709 F.3d 1220, 1223 (8th Cir. 2013)).

Redacting and sealing documents is appropriate when the filings "appear to contain

sensitive … information" and the redactions are "narrowly tailored." *See DoseLogix, LLC v.

Reflex Med. Corp.*, 2023 WL 8005749, *1 (D. Minn. Nov. 17, 2023) (granting motion for

continued sealing). "[I]t is proper for a district court, after weighing competing interests, to edit

and redact a judicial document in order to allow access to appropriate portions of the document."

*IDT Corp.*, 709 F.3d at 1224 (citation omitted).

## ARGUMENT

### I. TRACE'S ATTEMPT TO UNSEAL REFERENCES TO THE FMECA SHOULD BE DENIED.

#### A. Trace Has Not Proven It Has Standing to Intervene.

This Court should deny Trace's motion because it utterly fails to prove that it has standing.

*See Reps. Comm.*, 94 F.4th at 751; *see also Nat'l Parks Conservation Ass'n v. E.P.A.*, 759 F.3d

969, 974 (8th Cir. 2014) (explaining "a prospective intervenor must 'establish Article III standing

in addition to the [intervention] requirements of Rule 24'" (citation omitted)). The Supreme Court

has "consistently held that a plaintiff raising only a generally available grievance" that is shared

with others and "seeking relief that no more directly and tangibly benefits him than it does the

public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74.

Last year, the Eighth Circuit rejected on standing grounds an organization's demand that

court filings be unsealed. In that case, the Reporters Committee for Freedom of the Press

challenged the sealing of electronic-surveillance filings by the District of Minnesota's clerk of

court. *Reps. Comm.*, 94 F.4th at 748. The Eighth Circuit held that "the Reporters Committee

failed to establish that it suffered a concrete and particularized injury" because "having a desire to

unseal electronic-surveillance materials on the chance that 'some unspecified person may some[d]ay want to review them' is hardly concrete." *Id.* at 751 (alteration in original) (citation omitted). Absent "'concrete plans' to review or use the materials, [an organization's] injury is no different than every other member of the public." *Id.* (citation omitted)

In this case, Trace's motion does not establish it has standing because it does not assert any "concrete plans" to use the materials sought in this action. Trace simply asserts the public has an interest in the sealed documents. Trace references "the public interest in this case" in support of its standing. *Id.* at 11. However, a desire for "public access to the documents," *id.* at 12, is insufficient to show standing for this organization under binding precedent as Trace is in the same position as any other member of the public without an actual or imminent injury. *See, e.g.*, *Reps. Comm.*, 94 F.4th at 751; *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (noting that a "plaintiff [who] has not suffered any physical, monetary, or cognizable intangible harm traditionally recognized as providing a basis for a lawsuit in American courts" does not have standing). Trace's motion is similar to the Reporters Committee's argument that it has "'a strong interest in observing and understanding' what happens in federal court," which the Eighth Circuit rejected as insufficient to show harm for standing purposes. *Reps. Comm.*, 94 F.4th at 751 (citation omitted).

Trace notes only that is has "reported" and "published" on inadvertent discharges in the *past* and has previously "covered litigation concerning the alleged safety defect in the P320." Mot. 1–2. The motion fails to describe "'concrete plans' to review or use the materials," as required to show standing. *Reps. Comm.*, 94 F.4th at 751 (citation omitted).

Moreover, Trace admits in its Eighth Circuit motion to intervene that the FMECA Spreadsheet has been posted online since July 29, 2025,[6] meaning Trace has had access to an unauthorized copy of the document for some time and has already reviewed it. *See* Trace's Eighth Circuit Mot. 5. Moreover, Sig Sauer unsealed many of its documents on August 8, 2025. Yet, upon information and belief, Trace has not made use of that material, which forecloses any argument that it has an imminent need to unseal these records to write an article. Thus, without "'concrete plans' to review or use the materials," Trace's position "is no different than every other member of the public." *Reps. Comm.*, 94 F.4th at 751.

**B.     The Army Should Be Afforded the Opportunity to Opine on the Propriety of the Public Release of the FMECA Documents and Documents Referencing Them.**

The FMECA Documents are contract requirements of the MHS Contract that were provided to the Army. The Army should be afforded the opportunity to weigh in on whether the FMECA Documents can be shared with the public as the MHS Contract designed and manufactured service weapons used by Army members.

The Eighth Circuit has recognized that "the salutary interests served by maintaining confidentiality of the information sought to be sealed" can outweigh the public's general right of access to court filings. *Seidl*, 799 F.3d at 994. Sealing is appropriate where information is "confidential and competitively sensitive." *IDT Corp.*, 709 F.3d at 1223–24 (affirming district court's sealing order). Importantly, "[t]here is no question that the government has a compelling interest in protecting military secrets." *Taylor v. Kellog Brown & Root Servs., Inc.*, 2009 WL 10689733, at *3 (E.D. Va. Dec. 18, 2009).

---

[6] Trace's reference to "January 29" appears to be a typo. Trace's Eighth Circuit Mot. 5.

Courts have recognized this compelling interest and have ordered parties to keep confidential military-related documents. *See e.g.*, *Harris v. Kellog, Brown & Root Servs., Inc.*, 618 F. Supp. 2d 400, 415 n.16 (W.D. Pa. 2009) (granting motion to seal Army documents marked as "For Official Use Only"); *Faulk v. Gen. Elec. Co.*, 2024 WL 3009315, at *1–2 (C.D. Cal. May 14, 2024) (granting motion to seal "contracts, specifications, plant approvals, and change orders," and a declaration discussing those documents, for "military aircrafts," citing concerns that "pertain to national security").

In *Taylor*, the defendant sought to seal a document relevant to a military contract between the defendant and the United States. 2009 WL 10689733, at *1, *3. The court granted the motion to seal because "confidential military information … should be sealed 'given the safety issues involved.'" *Id.* at *1. The court reasoned that "both [d]efendant and the United States have an interest in preserving the confidentiality of a multi-billion dollar military contract," and "[i]n light of the obvious importance of [the document] to the United States' military operations … there is a compelling interest in protecting [its] contents." *Id.* at *3. While certain documents related to military operations were not sealed by the Court, the information contained in those documents was already voluntarily made public through "reports of the Department of Defense," *id.* at *2, unlike here, where the FMECA documents were leaked in violation of a court order to seal in *Bagnell*.

In addition, in *Childs v. San Diego Family Housing, LLC*, the court granted a motion to seal "excerpts from four confidential documents" because "the agreements involve confidential terms with the United States Government and/or United States government-owned entities." 2020 WL 2512188, at *2 (S.D. Cal. May 14, 2020). The court held in part that "[t]he federal

government's choice to deem the records 'confidential' is further support for the appropriateness of sealing the documents." *Id.* at \*3.

Most analogous to this situation is *Perkins v. United States*, where the court agreed that the U.S. Navy's "shipbuilding drawings (design plans, blueprints, schematics) and specifications for the U.S.S. Sacramento and other similar ships" were properly protected as confidential and not permitted for public release. 2024 WL 707682, at \*1–2 (W.D. Wash. Feb. 21, 2024). The court observed that "[t]he release of technical information is subject to the process provided in Department of Defense Instruction 5230.4 as authorized by 10 U.S.C. § 133a," and thus "[t]he United States has sufficiently shown that harm will result from ***public release*** of the technical information sought by the Plaintiff which has not been approved by the Department of Defense for public release," which "is intended to protect, in part, 'national and operational security,' privacy, and intellectual property." *Id.* at \*2 (emphasis added). Even though "the U.S.S. Sacramento was decommissioned, public access to the details of the ship's technology raises clear national security concerns." *Id.* Thus, the court held "[t]he public interest here is not as substantial as that of the government's interest in national security." *Id.* at \*3. The court granted the Government's motion to amend its protective order, *id.*, which contemplated that documents marked as "confidential" would be filed under seal or in redacted form. *See Perkins*, No. 22-CV-05701 (W.D. Wash.), ECF No. 41-1 at § 4.3.

So too here. The FMECA Documents should remain under seal for two reasons.

First, the United States has a "compelling interest" in protecting "military secrets." *Taylor*, 2009 WL 10689733, at \*3. Sig Sauer believes the FMECA is "technical information" because it includes "technical data" related to the "engineering, development [and] testing … in an area of significant military applicability in the United States." *Perkins*, 2024 WL 707682, at \*2 n.1. As

such, maintaining the confidentiality of the FMECA is justified to protect the United States' "'national and operational security,' privacy, and intellectual property" concerns. *Id.* at *2. Such concerns here are only heightened beyond *Perkins*—where the technical information related to decommissioned ships—whereas the FMECA relates to the active Modular Handgun System issued to every branch of the United States military. *See* ECF No. 188-2 ¶ 49, Ex. G.

Second, contrary to Trace's speculative assertion that Sig Sauer only marked the FMECA Documents as "Confidential," Sig Sauer designated the FMECA Documents "Highly Confidential" based on its understanding that the documents were designed to be non-public by the Army. When Mr. Finkelman asked Mr. Thomas Vaas, an Army representative, "whether a document designated as subject to Distribution Statement D should be distributed to the public," Mr. Vass informed Mr. Finkelman that "Sig Sauer should object to the public distribution of a document with a Distribution Statement D designation." Finkelman Decl. ¶ 7. Accordingly, the FMECA would potentially reveal critical information about the handgun.

In the alternative, this Court should provide 45 days for the Army to determine whether it wants to submit information on the propriety of FMECA Documents being made public. The Army has expressed an interest in the outcome of this motion. Given the present unavailability of key Army individuals, *see* Finkelman Decl. ¶ 8, however, the Army should be permitted additional time to determine the course it would like to take here. *Cf. See Am. Safety Cas. Ins. Co. v. City of Waukegan, Ill.*, 678 F.3d 475, 486 (7th Cir. 2012) (noting that where there are "multiple layers of review," "bureaucracies need time to act"); *Dobson*, 2014 WL 1909363, at *8 ("It is sensible that such [government agency] actions are subject to extensive, multi-tiered review."); *Simon*, 2017 WL 10541426, at *1 (noting that the "multi-layered review process" of government agencies "likely will take a significant amount of time to complete.").

Therefore, the FMECA Documents should remain under seal, and the redactions in Sig Sauer's Opposition and exhibits discussing the FMECA Documents should be maintained.

## II. The Personally Identifiable Information of Non-Party Individuals Should Remain Confidential.

Sig Sauer and Trace have agreed that the non-public names of Sig Sauer customers who have reported inadvertent discharges to the company should remain redacted. Therefore, to the extent Trace ever requested that these names be revealed, this portion of the motion is resolved in accordance with Eighth Circuit precedent.

"Courts have found that individual privacy interests in … confidential information can warrant sealing." *Schmidt v. DePuy Synthes Sales, Inc.*, 2024 WL 3565802, *3 (D. Minn. July 29, 2024) (ordering redactions of non-party employee names "to protect personal identifying information unnecessary to the disposition of this matter"). Specifically, "[t]hird parties named in [e]xhibits … have a compelling interest in keeping their names … off the public docket." *Biovant*, 2024 WL 894959, at *2 (ordering redactions of names and addresses of third parties in exhibits). Public disclosure of personally identifiable information in court documents may "oppress" the individual(s) mentioned. *See Peet v. Smith*, 2020 WL 290409, at *2 (D. Minn. Jan. 21, 2020) (ordering redactions of all personally identifiable information, including names).

Trace has informed Sig Sauer that it agrees these names are properly kept redacted. *See* Trace's Eighth Circuit Mot. 4 n.4 ("With The Trace's consent, Sig Sauer has redacted the names of individuals who reported that their P320 'inadvertently discharged.'"). Regardless, Eighth Circuit law supports maintaining the confidentiality of third-party individuals referenced in Sig Sauer's Opposition. Two exhibits to Sig Sauer's Opposition—the Declaration of Christopher Meyer and the Expert Report of Derek Watkins—reference the names of individuals who reported inadvertent discharge incidents to the Company that have not been made public. *See* ECF Nos.

188-5, 188-10. Because the names of third parties are routinely recognized as personally identifiable information and are protected by courts, there are compelling reasons to keep these names redacted as the names of these individuals are not necessary to the disposition of this matter. *Schmidt*, 2024 WL 3565802, at *3.

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Trace's Motion to Intervene.

Dated: August 21, 2025    Respectfully submitted,

          */s/ Colleen Carey Gulliver*
          Colleen Carey Gulliver (admitted *pro hac vice*)
          Jason E. Kornmehl (admitted *pro hac vice*)
          Connor D. Rowinski (admitted *pro hac vice*)
          **DLA Piper LLP**
          1251 Avenue of the Americas
          New York, New York 10020
          212-335-4500
          colleen.gulliver@us.dlapiper.com
          jason.kornmehl@us.dlapiper.com
          connor.rowinski@us.dlapiper.com

          Cara Rose, Mo. Bar # 58992
          **Franke Schultz & Mullen, P.C.**
          1919 E. Battlefield, Suite B
          Springfield, Missouri 65804
          417-863-0040
          crose@fsmlawfirm.com

          Robert L. Joyce (admitted *pro hac vice*)
          B. Keith Gibson (admitted *pro hac vice*)
          **Littleton Joyce Ughetta & Kelly LLP**
          4 Manhattanville Road, Suite 202
          Purchase, New York 10577
          914-417-3400
          robert.joyce@littletonjoyce.com
          keith.gibson@littletonjoyce.com

          *Counsel for Defendant Sig Sauer, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 21, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

/s/ Colleen Carey Gulliver
Colleen Carey Gulliver