UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA GLASSCOCK, individually and on behalf of all others similarly situated, | :<br>:<br>:<br>: |
| Plaintiff, | : Case No.: 6:22-cv-3095-MDH |
| v. | :<br>: |
| SIG SAUER, INC., | :<br>: |
| Defendant. | : |

**DECLARATION OF COLLEEN M. GULLIVER**

I, Colleen M. Gulliver, declare pursuant to 28 U.S.C. § 1746:

1. I am a partner at the law firm of DLA Piper LLP (US) ("DLA Piper"), counsel for Defendant Sig Sauer, Inc. ("Sig Sauer") in this matter. I submit this declaration in support of Sig Sauer's Opposition to Third-Party Intervenor Trace Media, Inc.'s ("Trace") Motion to Intervene for the Limited Purpose of Moving to Unseal Exhibits ("Intervenor Motion"). The facts set forth below are based on my personal knowledge and my familiarity with documents produced in this litigation.

2. Trace filed its Intervenor Motion on July 17, 2025. That next day, I had a phone conversation with counsel for Trace to offer to review the sealed material and meet and confer about the content. During that conversation, I was informed that counsel for Trace had left a voicemail for Sig Sauer's local counsel, Cara Rose, prior to filing the Intervenor Motion.

3. Trace's counsel then forwarded me an email record indicating that a call had been placed to the main reception line for Ms. Rose's law firm on July 2, 2025.

4. I spoke with Ms. Rose to inquire about the voicemail and was informed that the voicemail message was never conveyed to her.

5. On July 25, 2025, I directed the team to send Trace copies of new versions of Sig Sauer's opposition to Plaintiffs' motion for class certification and accompanying documents that reflected Sig Sauer's decisions to de-designate material that was previously sealed. I informed counsel for Trace that Sig Sauer had agreed to remove confidentiality designations for all of its material, with the exception of (a) documents discussing Sig Sauer's Failure Modes, Effects, and Criticality Analysis ("FMECA"), which were prepared for the Army as a contractually required deliverable under Sig Sauer's Modular Handgun System Contract with the Army, and (b) non-public personally identifiable information regarding individuals who had reported to Sig Sauer that they had experienced an inadvertent discharge.

6. Later on July 25, 2025, counsel for the Trace called another team member for Sig Sauer and asked Sig Sauer to provide additional documentation regarding the confidentiality of the FMECA and the Army's position on the FMECA.

7. On August 4, 2025, I directed the team to notify counsel for Trace that Sig Sauer had discussed with the Army to confirm their position on the FMECA in light of the Motion, and the Army informed Sig Sauer and its counsel that based on Sig Sauer's understanding of the Army classification of the FMECA it was opposed to the public release.

8. On August 8, 2025, I met with counsel for Trace and conferred a third time, and counsel for Trace confirmed that it was not opposed Sig Sauer's retention of redactions for the non-public names of individuals involved in inadvertent discharge incidents. During that meeting, counsel for Trace also confirmed that the parties were in disagreement only about the redactions regarding the FMECA.

9. I then informed Trace's counsel that we would review Plaintiff's moving and reply briefing for the class certification motion and similarly propose appropriate redactions for Plaintiff based on the information Sig Sauer had de-designated.

10. On August 12, 2025, I directed the Sig Sauer team to provide unredacted and partially-redacted proposed versions of Plaintiff's class certification materials to Plaintiff, where all confidential information would be unsealed with the exception of the FMECA and documents incorporating that information. The team also informed Plaintiff that it had de-designated as confidential all of its previously-designated material used in connection with the class certification motion, except for documents that discuss: (1) the FMECA or (2) personally identifiable information, including the names of individuals who reported inadvertent discharge incidents that have not been made public.

11. Also on August 12, 2025, I informed counsel for Trace that Sig Sauer was providing de-designated versions of Plaintiff's class certification materials to Plaintiff that day.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 21, 2025
Brooklyn, New York

_____
Colleen M. Gulliver