UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOSHUA GLASSCOCK, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>         v.<br><br>SIG SAUER, INC.,<br><br>                Defendant. | Case No.: 6:22-cv-3095-MDH |

**DEFENDANT SIG SAUER, INC.'S CONSENT MOTION FOR A STAY
PENDING RESOLUTION OF THE EIGHTH CIRCUIT APPEAL**

Defendant Sig Sauer, Inc. ("Sig Sauer") respectfully moves this Court to stay all further proceedings pending the resolution of Sig Sauer's interlocutory appeal of this Court's Certification Order, *Glasscock v. Sig Sauer, Inc.*, No. 25-2707 (8th Cir. 2025) (the "Appeal"). Plaintiff Joshua Glasscock has reviewed and consents to this Motion.

In support of this Motion, Sig Sauer states the following:

1. On July 28, 2025, this Court issued the Certification Order, which granted Plaintiff's Motion for Class Certification. ECF No. 184 at 31.

2. On August 11, 2025, Sig Sauer filed a petition pursuant to Federal Rule of Civil Procedure 23(f) with the United States Court of Appeals for the Eighth Circuit seeking interlocutory review of the Certification Order ("Petition"). *See generally Glasscock v. Sig Sauer, Inc.*, No. 25-8006 (8th Cir. 2025). On August 21, 2025, Plaintiff filed his response to the Petition. *See id.*

3. On September 2, 2025, the Eighth Circuit granted Sig Sauer's Petition. *See* ECF

No. 192 at 1.

4. On September 4, 2025, the parties conferred about a stay of further proceedings in light of the Appeal and agreed that a stay would be in the interests of judicial economy and efficiency of the Court and the parties.

5. This Court has discretion to manage its docket, including issuing stays for an appeal to promote the efficient use of the Court's and the parties' time and effort. *Lunde v. Helms*, 898 F.2d 1343, 1354 (8th Cir. 1990) (citation omitted). The court balances "'(1) whether the stay applicant has made a strong showing that [it] is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.'" *Brady v. Nat'l Football League*, 640 F.3d 785, 789 (8th Cir. 2011) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

6. District courts in this Circuit commonly grant stays pending Rule 23(f) petitions and appeals because that rule is intended "to allow appellate review of class certification decisions and to protect parties from the expenditure of resources on a class action that may be substantially altered on appeal." *IBEW Local 98 Pension Fund v. Best Buy Co.*, No. 11-CV-429, 2014 WL 4540228, at *1 (D. Minn. Sept. 11, 2014) (granting stay).

7. For example, in *Custom Hair Designs by Sandy, LLC v. Cent. Payment Co., LLC*, the Court held, "[a]fter analyzing and weighing the [stay] factors," "that a stay in the proceedings [pending the 23(f) appeal] is warranted." 2020 WL 5250492, at *2 (D. Neb. Sept. 3, 2020). The Court observed that "the Eighth Circuit's granting of [the] Rule 23(f) petition weighs in favor of [the defendant] showing possible success on the issue of class certification," which was sufficient to satisfy the first stay factor (likelihood of success). *Id.* The Court found the other stay factors

(injury and public interest) satisfied where the defendant "would be required to expend substantial time and resources as a result of [plaintiff's] discovery request[s]," and "there will not be significant harm to [p]laintiffs if a stay is issued" because "it is reasonable for the Court to assume the Eighth Circuit will resolve [the defendant's] petition in a timely manner." *Id.* at *3.

8. Likewise, in *Stuart v. State Farm Fire & Cas. Co.*, the Court stayed the case pending a Rule 23(f) appeal, holding "the fact that the Eighth Circuit chose to accept [d]efendant's Rule 23(f) petition demonstrates at least a possibility that the Eighth Circuit may reverse the Court's class certification ruling," and "[i]n light of the other factors discussed below, and the significance of the issues on appeal, the Court finds that [d]efendant's position is sufficiently reasonable to favor a stay." 2017 WL 5952872, at *2–3 (W.D. Ark. Jan. 25, 2017); *see also Ahmad v. City of St. Louis, Mo.*, 2019 WL 3068046, at *2 (E.D. Mo. July 12, 2019) (granting stay pending Rule 23(f) appeal where "the legal landscape could nevertheless be dramatically altered if this case proceeds solely on the individual claims of the named plaintiffs").

9. Here, the four factors weigh in favor of a stay as outlined below.

10. ***Likelihood of Success on the Merits.*** A likelihood of success on the merits of the appeal does not require "an absolute certainty of success." *Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 423 (8th Cir. 1996). "The Eighth Circuit has determined that likelihood of success requires only that the movant show a 'fair chance of prevailing' on the merits and has further explained that a movant 'does not need to "prove a greater than fifty percent likelihood that [it] will prevail on the merits' to satisfy this factor." *Custom Hair Designs*, 2020 WL 5250492, at *2 (quoting *Jet Midwest Int'l Co. v. Jet Midwest Grp.*, 953 F.3d 1041, 1044–45 (8th Cir. 2020)). Stays are issued not as a signal of doubt in the resolution but out of deference to the Circuit and as an acknowledgement that it may reach different conclusions on the issues. *See, e.g., St. Jude Med.,*

*Inc. v. Access Closure, Inc.*, 2012 WL 12919351, at *1-2 (W.D. Ark. Oct. 2, 2012) ("[T]he Court is not required to predict its own reversal merely to find a sufficient showing of success on the merits…. Defendant's position is sufficiently reasonable to push the first factor in [d]efendant's favor.") (granting stay).

11. Courts have repeatedly found a reasonable likelihood of success on the merits exists where, as here, the Eighth Circuit grants a Rule 23(f) petition. *See, e.g.*, *Perrin v. Papa Johns Int'l, Inc.*, 2014 WL 306250, at *2 (E.D. Mo. Jan. 28, 2014) (granting stay); *see also Custom Hair Designs*, 2020 WL 5250492, at *2 (same). Thus, the Eighth Circuit's grant of Sig Sauer's Petition is sufficient to satisfy this factor, which is the "most important factor" and "weighs in favor" of granting a stay. *Custom Hair Designs*, 2020 WL 5250492, at *2.

12. **Irreparable Harm to Sig Sauer.** A stay will avoid irreparable harm to Sig Sauer in the form of significant defense costs to proceed through merits discovery and to effect class notice. "The threat of unrecoverable economic loss … qualif[ies] as irreparable harm." *Iowa Utils. Bd. v. F.C.C.*, 109 F.3d 418, 426 (8th Cir. 1996). Courts routinely find irreparable harm—and grant stays—to avoid ongoing discovery costs pending a Rule 23(f) appeal. *See, e.g.*, *IBEW Local 98 Pension Fund*, 2014 WL 4540228, at *3; *Custom Hair Designs*, 2020 WL 5250492, at *2 (discovery costs to defendant favor stay); *Stuart*, 2017 WL 5952872, at *2–3 ("If the Eighth Circuit later reverses the Court's class certification ruling, [d]efendant would suffer non-recoverable economic loss from the cost of the unnecessary discovery and motion practice."). So too with costs related to "discovery as to the identities of potential class members," for class notice purposes, which "subject[s] [d]efendants to risk of incurring substantial costs that may end up being duplicative, unrecoverable, and wasteful." *Nieberding v. Barrette Outdoor Living, Inc.*, 2014 WL 5817323, at *4 (D. Kan. Nov. 10, 2014) (granting stay pending Rule 23(f) appeal).

13. In this case, it is most efficient and just for the parties to forego the significant expense of effecting class notice and continuing with merits discovery—including the production of documents, more depositions, expert depositions, and Rule 702 motions practice. This factor, too, weighs in favor of a stay.

14. **Injury to Plaintiff**. Plaintiff and the class members will not be injured should this Court impose a stay. *See Hudock v. LG Elecs. U.S.A., Inc.*, 2020 WL 5849204, at *1 (D. Minn. Oct. 1, 2020) (granting stay and explaining that it "will not impose hardship on either party, as it will save both parties potentially unnecessary class-related litigation costs and resources"). Nor would any prejudice result from a temporary stay. *See Custom Hair Designs*, 2020 WL 5250492, at *3 ("Even if the [p]laintiffs succeed on the merits and the certification order remains … [p]laintiffs will be able to recover for their claimed damages."); *id.* ("[T]here will be little harm to [p]laintiffs if a stay is issued…. There is no reason to think that the Eighth Circuit will not resolve [d]efendants' petition in a timely manner.").

15. Moreover, Plaintiff's consent here is good evidence that Plaintiff and his counsel do not foresee prejudice. Courts have considered whether "[p]laintiffs[] "consent" when issuing stays. *See, e.g.*, *Anderson v. Hansen*, 2021 WL 4061068, at *1 (E.D. Mo. Sept. 7, 2021) (staying case and noting consent of parties supported stay). Such is the case here. The parties agree that a stay is appropriate pending the Appeal. Staying this case will maintain the *status quo*, avoid potentially unnecessary expenses, and avoid the widely recognized risk of confusing class members and the potential need for a corrective class notice.

16. **Public Interest.** A stay would also serve the public interest. "[A] stay will conserve judicial resources. If the case is not stayed, the Court and the parties may spend time and effort on claims that later become moot." *Scheffler v. Equifax Info. Services, LLC*, 2016 WL

424969, at *4 (D. Minn. Feb. 3, 2016) (granting stay).  It is not in the public interest for the Court to invest judicial resources in overseeing a class action of this magnitude while the class-certification decision is on appeal.  *See Perrin*, 2014 WL 306250, at *3 (reasoning that "investing extensive judicial resources in managing this difficult … class action that may prove to be unnecessary would not serve the public interest").

WHEREFORE, Sig Sauer respectfully requests that the Court grant this Consent Motion and stay all proceedings in this case until fourteen days after the Eighth Circuit issues its mandate in the Appeal.

Dated: September 10, 2025

Respectfully submitted,

*/s/ Colleen Carey Gulliver*
Colleen Carey Gulliver (admitted *pro hac vice*)
Jason E. Kornmehl (admitted *pro hac vice*)
Connor D. Rowinski (admitted *pro hac vice*)
**DLA Piper LLP**
1251 Avenue of the Americas
New York, New York 10020
212-335-4500
colleen.gulliver@us.dlapiper.com
jason.kornmehl@us.dlapiper.com
connor.rowinski@us.dlapiper.com

Cara Rose, Mo. Bar # 58992
**Franke Schultz & Mullen, P.C.**
1919 E. Battlefield, Suite B
Springfield, Missouri 65804
417-863-0040
crose@fsmlawfirm.com

Robert L. Joyce (admitted *pro hac vice*)
B. Keith Gibson (admitted *pro hac vice*)
**Littleton Joyce Ughetta & Kelly LLP**
4 Manhattanville Road, Suite 202
Purchase, New York 10577
914-417-3400
robert.joyce@littletonjoyce.com
keith.gibson@littletonjoyce.com

*Counsel for Defendant Sig Sauer, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all attorneys of record registered on the CM/ECF system.

*/s/ Colleen Carey Gulliver*
Colleen Carey Gulliver